EDWARD DUNSCOMB & others *vs.* CHARLES BUNKER.

It is a good defence to an action by an indorsee against the indorser of a note indorsed for the accommodation of the maker, that the indorsee received the note as security for the performance of a usurious contract between him and the maker.

In an action on a note made and negotiated in another State, the question whether such note is void for usury must be decided by the law of that State.

By the law of New York, a note, though given for no more than the amount of money lent, is usurious and void, if the borrower, at the time of the loan, agrees to pay the lender more than egal interest.

ASSUMPSIT on a promissory note for $1500, made to the defendant by Frederick R. Bunker, dated March 1st, 1837, payable in two months from date, and indorsed by the defendant. The only defence, relied on at the trial, was usury.   To support this defence, the maker of the note was called as a witness, and testified that about the middle of January, 1837, he borrowed of the plaintiffs $1500, and on the 28th of the same month borrowed of them another sum of $1500 : That at both

Dunscomb & others v. Bunker.

these times he gave the plaintiffs his checks for the amount so borrowed, though he never had any funds in the bank on which the checks were drawn ; that when he borrowed the second sum of $1500, he ·gave the plaintiffs, as collateral security for both sums thus borrowed, a note, signed by himself and indorsed by the defendant, for $3000, payable in two months from its date ; that before the maturity of the note last mentioned, he placed in the plaintiffs' hands other business notes, payable to himself and by him indorsed, to the amount of about $1200, as further collateral security for the $3000 so lent to him ; that when the $3000 note fell due, the plaintiffs, at his request, agreed to give him an extension of time, and that said note was then given up to him, and the note now in suit, with other notes, was delivered by him to the plaintiffs, as collateral security, as aforesaid ; and that the amount of collateral security, thus placed in the plaintiffs' hands (including the $1200 above mentioned) was about $3900.

The witness had no personal knowledge that any of the notes aforesaid, placed by him in the hands of the plaintiffs, as collateral security, had been paid to them ; but he testified that to the amount of about $1200, he had, as indorser, received no notice of the dishonor of the notes. He further testified, that upon a former transaction with the plaintiffs, he had placed business papers in their hands to the amount of $1200, as collateral security for the payment of another sum of $1000 ; and that the plaintiffs collected said $1200, and held the $200, over and above the said $1000, which he borrowed of them.

The witness also testified, that in the autumn of 1836, the defendant left with him several blank indorsements, to be used by him ; that the aforesaid $3000 note, and the note now in suit, were made by the witness on papers thus indorsed by the defendant ; that when the witness borrowed the money of the plaintiffs, he told them that he had such indorsements of the defendant, but that when the note now in suit was given to them, it was not stated to them that it was one of those thus left by the defendant ; that no conversation was then had upon the subject.

The witness further testified, that when he borrowed of the

plaintiffs the two sums of $1500, he made a verbal agreement with them, in each case, to pay them interest for said sums, at the rate of two dollars per day upon $1000 ; that he considered this a temporary arrangement; that the plaintiffs relied on his word, and held no security from him for the payment of said interest ; that when the note now in suit was placed in their hands, nothing was said about interest, but he supposed the loan was to be continued on the previous understanding.

The plaintiffs, and Frederick R. Bunker, the witness, at the time of the transactions above stated, were citizens of New York, and the defendant a citizen of Massachusetts.

It was agreed by the parties, that the foregoing testimony of F. R. Bunker should be taken as true, and that if, upon the facts by him stated, the plaintiffs are not entitled to recover, they should become nonsuit ; otherwise, that the defendant should be defaulted.

The case was argued at October term, 1839.

*Eliot,* for the plaintiffs.

*Coffin,* for the defendant.

SHAW, C. J. The first question to be considered is, whether upon the facts stated in the report, the two loans of $1500, made by the plaintiffs to Frederick R. Bunker, were usurious. We have no doubt that this case is to be governed by the law of New York. Here the whole transaction took place in New York, except perhaps the single act of the defendant, in affixing his blank indorsement to certain papers. This does not distinctly appear not to have been done in New York. But were it otherwise, it would make no difference. Affixing blank indorsements made no contract ; it was the filling up and delivering, pursuant to authority given by the defendant, which constituted the contract. New York therefore was the *locus contractus.* The statute of New York, (1 Rev. Sts. p. 772,) of which we have a transcript, in its terms differs very little from the old statute of Massachusetts ; perhaps not at all in its legal effect. By its provisions, § 5, " all bonds, bills, notes, assurances, conveyances, and all other contracts and securities whatsoever, whereupon or whereby there shall be reserved or taken, or se-

cured or agreed to be reserved or taken, any greater sum, &c. shall be void."

We are then to look at the transaction as it appears upon the evidence. The witness, who was himself the borrower, states that upon each of the loans of $1500 he agreed to pay the plaintiffs at the rate of $2 a day upon $1000 ; that he gave his memorandum checks for the simple amount, without premium ; that he gave his verbal promise to pay the premium stated ; that the plaintiffs relied on his word, and took no security from him for the payment of this interest.

But afterwards, when he gave the note now in suit, he gave a like note for another sum of $1500, and he had already placed other securities in the hands of the lenders, and all as collateral securities for the payment of the notes, with the usurious interest.

By the law of New York, where a promissory note is given for the sum actually lent only, with a verbal agreement to pay usurious interest, the note is void. *Merrills* v. *Law*, 9 Cow. 65. *Macomber* v. *Dunham*, 8 Wend. 554. A different rule has been adopted in this Commonwealth. *Butterfield* v. *Kidder*, 8 Pick. 512.

It was intimated in the argument, that the usurious contract had been given up, before the note now in suit was taken, and that this note was only for the sum actually lent. But there is no evidence of this. On the contrary, it is stated, that on the second loan, the $3000 note was taken as collateral security for both loans, and that before and at the time when that note fell due, the borrower had placed in the hands of the plaintiffs notes, including the one now in suit, amounting to $3900, all as collateral security for these two loans. There is no appearance therefore of the usurious contract being rescinded.

It then appears, that the $3000 note was given as collateral security for those two loans, and when that note became due, the witness wished for a further extension, which the plaintiff agreed to give, when the $3000 note was given up, and the note now in suit, was delivered to the plaintiffs as collateral security for the same loans. It is very clear, that all bills, notes, and securities, given in satisfaction, or in security of usurious debts,

are avoided by the statute, because their design is to enforce payment of the usurious debt ; and to give effect to them, would be directly contrary to the statute, and enable the lender to recover upon a security which the law declares void. *Harrison* v. *Hannel,* 5 Taunt. 780.

Supposing this to be a usurious transaction between Frederick R. Bunker, and the plaintiffs, does this constitute a good defence for the defendant ? He was a mere accommodation indorser ; his blank indorsement did not constitute a contract till filled up and delivered in pursuance of the authority given by the defendant to Frederick R. It then became a direct contract between the defendant and the plaintiffs, and was then a security first given to the plaintiffs, upon a usurious contract, and is declared void by the statute. *Van Schaack* v. *Stafford,* 12 Pick. 565.

Besides, the plaintiffs did not take this note as indorsees in the course of business ; they took it upon the usurious loan. We think it immaterial whether they knew it to be one of the blank indorsements, left by the defendant with Frederick R. Bunker to be filled up, as he should think fit or not. They knew it was an accommodation indorsement, because they took it of the promisor, upon a negotiation made exclusively with him, and for his use.

When one lends his notes or acceptances to another, and the latter negotiates them as security for a usurious loan, he may avoid them. *Harrison* v. *Hannel,* 5 Taunt. 780. Further, if the plaintiffs could recover against the defendant, he would have his remedy over against the maker, and thus a judgment for the plaintiffs in this suit would indirectly enable him, as a usurious lender, to recover against the borrower, contrary to the statutes.

*Plaintiffs nonsuit.*